UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JUSTIN M. ROSSI,
Petitioner,

vs. Case No.: 4:26-cv-271-MW-ZCB

STATE OF FLORIDA, et al.,
Respondents.
_________________________________/

# REPORT AND RECOMMENDATION

Petitioner has filed a *pro se* amended petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] (Doc. 6). The amended petition challenges Petitioner's ongoing state criminal proceedings. For the reasons below, this case should be dismissed because abstention is warranted under *Younger v. Harris*, 401 U.S. 37 (1971).

[1] Although Petitioner filed his amended petition on the Court's § 2254 form, it is apparent Petitioner is challenging pretrial detention. Thus, the Court construes the amended petition as being filed under 28 U.S.C. § 2241(c). *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261-62 and n.3 (11th Cir. 2004) (treating habeas petition filed under § 2254 "as if brought pursuant to § 2241(c)" because the "petition for habeas relief is a pre-trial petition [and] would only be properly asserted pursuant to 28 U.S.C. § 2241" (collecting cases)).

## I. Background

Petitioner has two pending criminal cases in state court:[2] (1) Case No. 24-CF-3213 (Leon Cnty. Cir. Ct.); and (2) Case No. 26-CF-606 (Leon Cnty. Cir. Ct.). (Doc. 6 at 1-2).[3] On May 15, 2025, the state court found Petitioner incompetent to proceed and committed him to the Florida Department of Children and Families for competency restoration. (*Id.* at 2); *see also* Doc. 60, Case No. 24-CF-3213 (Leon Cnty. Cir. Ct.). In his petition, Petitioner claims that he is being improperly confined based on misrepresentation, untimely charges, and violations of his rights to pay

---

[2] *See* Fed. R. Evid. 201(b)-(c); *Nute v. White*, 152 F.4th 1311, 1316 (11th Cir. 2025) (taking judicial notice of online state court records).

[3] A third case referenced in the amended petition (Doc. 6 at 1) was dismissed on July 13, 2026, due to Petitioner's ongoing incompetency to proceed. *See* Case No. 24010213MM10A (Broward Cnty. Cir. Ct.) (Docket Entries dated July 10 and 13, 2026). Petitioner cannot obtain habeas relief for a case that has now been dismissed. *See Destin v. Florida*, No. 23-10581, 2023 WL 9789470, at *1-2 (11th Cir. Sept. 5, 2023) ("[R]easonable jurists would not debate the district court's denial of Destin's § 2241 petition. As the district court noted, Claims 2 and 3 were premised on the filing of charges in the Battery Case. However, because that case had already been dismissed, Destin's claims were moot." (cleaned up)); *Webb v. Montgomery Corr. Ctr.*, 2026 WL 2033168, at *1-2 (M.D. Fla. July 14, 2026) (dismissing § 2241 petition as moot where the state "*nolle prossed* the charges against Petitioner, and he was released from custody the next day").

bail and travel. (Doc. 6 at 9-17). Petitioner seeks immediate release from custody. (*Id.* at 19).

The Court initially reviewed the amended habeas petition and determined that it appeared *Younger* abstention applied. (Doc. 19). For this reason, the Court ordered Petitioner to show cause why his habeas petition should not be dismissed. (*Id.*). Petitioner has now responded to the show cause order. (Docs. 22, 23, 27, 29, 30).

In response, Petitioner discusses his son and his relationship with a South African woman. (Doc. 22 at 3-4). Petitioner references suing "The Crown" in the U.S. Supreme Court and human rights violations in New Zealand. (*Id.* at 4). Petitioner also claims he never threatened his mother or hurt anyone. (*Id.*). Petitioner states he was "illegally and fraudulently" declared incompetent to proceed in his state criminal proceedings and is being illegally detained in the Florida State Hospital. (*Id.* at 4-5). As to *Younger*, Petitioner responds that there has been "harassment," "damage less than $1,000.00," "a malicious prosecution," "knowingly false evidence," and "prosecution in bad faith,

unconstitutional." (Doc. 23 at 1). But Petitioner fails to provide any explanation in support of these barebones assertions. (*Id.*).[4]

## II. Discussion

Dismissal of the amended habeas petition is warranted because of the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, "a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final." *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022). "*Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." *Id.* There are three "narrow exceptions" to *Younger* abstention: "(1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or

[4] Petitioner also submitted hundreds of pages of documents—apparently filed in state and federal court—with little to no explanation of their relevance to *Younger* abstention. (Doc. 23 at 2-37; Doc. 23-1; Doc. 27; Doc. 29; Doc. 30). It is not the Court's job to sift through hundreds of pages of documents to try and ascertain Petitioner's arguments. In any event, the Court has considered these documents, and they do not alter the conclusion that *Younger* abstention is warranted in this case.

(3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.*

Here, the requirements of *Younger* abstention are met. First, there are state criminal proceedings against Petitioner pending in state court. *See* Case No. 24-CF-3213 (Leon Cnty. Cir. Ct.); Case No. 26-CF-606 (Leon Cnty. Cir. Ct.). Second, a state criminal prosecution involves important state interests. *See Boyd v. Georgia*, 512 F. App'x 915, 918 (11th Cir. 2013) (explaining that the state has an important interest in prosecuting criminal offenses).

Third, to the extent Petitioner asserts he has been unable to vindicate his constitutional rights because the state court is ignoring his filings (Doc. 22 at 4-5), he has not shown that he has been procedurally prevented from raising his federal claims in the state courts. Since being declared incompetent to proceed, Petitioner has submitted numerous *pro se* filings in the state court, including *pro se* habeas petitions and mandamus petitions. *See generally* Case No. 24-CF-3213 (Leon Cnty. Cir. Ct.) (Docket Entries dated after May 15, 2025). Thus, Petitioner has not met his burden of "show[ing] that the state forum is not adequate to adjudicate [his] federal defenses." *Leonard v. Alabama State Bd. of*

*Pharmacy*, 61 F.4th 902, 908 (11th Cir. 2023); *see Johnson*, 32 F.4th at 1101 ("For abstention purposes, whether a claim would likely be successful on the merits in the state court is not what matters. Instead, what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts[.]" (cleaned up)). Moreover, Petitioner is represented by counsel in the state criminal proceedings. There is no reason to believe that the Florida state court where the criminal actions are pending will not afford Petitioner an adequate opportunity to raise the issues presented in his § 2241 petition.[5]

Because the three requirements of *Younger* abstention are met, "abstention is warranted unless [Petitioner] can show that one of the exceptions applies." *Leonard*, 61 F.4th at 911. None do.

Looking first to the bad-faith exception, "bad faith in this context generally means that a prosecution has been brought without a

---

[5] Petitioner's dissatisfaction with his state-appointed attorneys in the criminal cases (Doc. 6 at 11) is also insufficient to overcome *Younger*. *See Prouty v. Warden, Lee Cnty. Jail*, 2024 WL 5293775, at *1 (M.D. Fla. Dec. 4, 2024) ("Prouty argues the Court should overlook the abstention principle because he is not satisfied with his state-appointed attorney or the responsiveness of the state court. The Court does not find these circumstances sufficient to overcome *Younger*. Nor do they warrant application of a recognized exception to the *Younger* doctrine.").

reasonable expectation of obtaining a valid conviction." *Id.* (cleaned up). Here, despite Petitioner's conclusory assertions of harassment, bad faith, and malicious prosecution (Doc. 23 at 1), he has not shown that the state prosecution was brought with no "reasonable expectation" of securing a conviction. Thus, he has not satisfied *Younger*'s bad-faith exception. *See Narciso v. Walker*, 811 F. App'x 600, 602-03 (11th Cir. 2020) (noting that "unsupported" and "conclusory allegations do not rise to the level necessary to justify an exception to *Younger* abstention" (cleaned up and collecting cases)).

Nor do Petitioner's conclusory allegations of false evidence and fraud suffice for *Younger*'s bad-faith exception. *See Fiedler v. Stacy*, No. 24-13558, 2025 WL 2650879, at *4 (11th Cir. Sept. 16, 2025) (finding "mere allegations" that "the state trial court ignored evidence, refused to vacate prior rulings, and accepted allegedly fraudulent documentation" "alone do not present a cognizable claim of bad faith prosecution or intentional harassment" to circumvent *Younger* abstention); *see also Davis v. Powell*, No. 3:23cv6488, 2023 WL 4905495, at *3 (N.D. Fla. July 13, 2023) (finding that petitioner's allegations regarding false statements

in a probable cause affidavit were insufficient to satisfy *Younger*'s bad-faith exception), *adopted*, 2023 WL 4912185 (N.D. Fla. Aug. 1, 2023).

The Court will now turn to the second exception. To show irreparable injury in the context of an ongoing state criminal prosecution, Petitioner must demonstrate that "the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45. Petitioner has not made such a showing here. There is no reason for the Court to believe that abstaining will result in Petitioner suffering irreparable injury. *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 and n.7 (11th Cir. 2004) (noting that "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute irreparable injury in the special legal sense of that term" (cleaned up)).

As for the third exception, Petitioner has failed to show that the Florida state courts are an inadequate forum to raise his constitutional challenges. "Adequacy in this context is not about the quality of the state proceedings, but rather about whether the challenge *can be raised* in the pending state proceedings at all." *Leonard*, 61 F.4th at 908 (cleaned up). Put another way, "what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts[.]" *Id.*

at 909 (cleaned up). Petitioner has pointed to nothing in Florida state law or procedure that would prohibit him from raising in state court the same issues he has raised in his § 2241 petition. Indeed, Florida state courts regularly entertain and adjudicate such issues. *See Lewis v. Broward Cnty. Sheriff Off.*, No. 20-14603, 2021 WL 5217718, at *2 (11th Cir. Nov. 9, 2021) ("Lewis failed to meet his burden to show that he lacked an adequate, alternative state forum to raise his constitutional claims because the record demonstrated his state proceedings were ongoing and he had been able to raise other claims to the state court, including his petitions for mandamus and motion to remove his appointed counsel, but failed to challenge the state court's bond decision or file a state habeas petition."); *see also Dixon v. Polisknowski*, No. 4:25cv268, 2025 WL 3646607, at *2-3 (N.D. Fla. July 25, 2025) (abstaining under *Younger* where petitioner appealed a state court's competency decision and "filed a habeas petition which was denied by the circuit court"), *adopted*, 2025 WL 3645865 (N.D. Fla. Dec. 15, 2025).

For these reasons, *Younger* abstention serves as a basis for dismissal of this case. *See Jackson v. Georgia*, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal on *Younger* abstention

grounds in a case that attempted to challenge an ongoing state criminal prosecution); *see also Rossi v. State of Florida* No. 4:26cv121, 2026 WL 1954377, at *1-4 (N.D. Fla. May 8, 2026) (dismissing Petitioner's § 2241 petition on *Younger* abstention grounds), *adopted*, 2026 WL 1952759 (N.D. Fla. July 6, 2026).

## III. Conclusion

Because the amended habeas petition under 28 U.S.C. § 2241 is subject to *Younger* abstention, it should be dismissed without prejudice.

## IV. Certificate of Appealability

When a § 2241 "petitioner's detention arises out of process issued by a State court, he must obtain a certificate of appealability to appeal." *Georgia v. Shafer*, 119 F.4th 1317, 1321 (11th Cir. 2024) (cleaned up). "To obtain a certificate, the petitioner must make 'a substantial showing of the denial of a constitutional right.'" *Id.* (quoting 28 U.S.C. § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (2017) (cleaned up).

Here, Petitioner cannot make the requisite showing. Therefore, the undersigned recommends that the final order in this case deny Petitioner a certificate of appealability. If Petitioner objects to this recommendation, then he may present argument on the issue by bringing it to the district judge's attention in his objections.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The amended habeas petition under 28 U.S.C. § 2241 (Doc. 6) be **DISMISSED without prejudice** based on *Younger* abstention.

2. All pending motions be **DENIED as moot**.

3. A certificate of appealability be **DENIED**.

4. The Clerk of Court be instructed to close this case.

At Pensacola, Florida this 31st day of July 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

**Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.